NO FEE DUE
GOV'T CODE § 6103

ANDRES SHERIDAN ORDIN, County Counsel
ROGER H. GRANBO, Assistant County Counsel
JOSEPH A. LANGTON, Principal Deputy County Counsel
(SBN 188761) • *jlangton@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-0812 · Fax: (213) 626-2105

Attorneys for Defendants
COUNTY OF LOS ANGELES (also erroneously served and sued as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOE WALLACE<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF LOS ANGELES, a California Municipality, LOS ANGELES POLICE DEPARTMENT, a governmental entity of unknown type, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a governmental entity of unknown type and DOES 1-100, inclusive,<br><br>　　　　Defendants. | CASE NO. CV 10-9363 MMM (PJWx)<br><br>**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION & MOTION TO DISMISS [F.R.C.P. 12(b)(6)] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice]<br><br>DATE:　　11/28/2011<br>TIME:　　10:00 a.m.<br>COURT:　780 |

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

Please take notice that on <u>November 28, 2011 at 10:00 a.m.</u>, or as soon thereafter as the matter may be heard in Courtroom 11 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants County Of Los Angeles (erroneously served and sued as The Los Angeles County Sheriff's Department) will move this Court pursuant to *Federal Rules of Civil Procedure*, Rule 12(b)(6) in favor of defendants and against plaintiffs on the following grounds:

CV 10-9363 MMM (PJWx)

DEFENDANT COUNTY OF LOS　　　　　　　　　-1-
ANGELES' MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]

1. **A Complaint which fails to state sufficient facts alleged under a cognizable legal theory is subject to dismissal.**
2. **Plaintiff's Second Amended Complaint is barred by his failure to comply with the California Tort Claims Act.** [*Cal Govt. Code §945.6*]
3. **Plaintiffs' Second Amended Complaint is barred by the applicable statute of limitations.** [*Cal Code of Civ. Proc.* § 335.1]

This Motion shall be based on this Notice of Motion and Motion, attached Memorandum of Points and Authorities, Request for Judicial Notice, Court file in this action and upon any other information that may be presented at the time of hearing.

This motion is made following the conference of counsel pursuant to Local Rule 7.3, which took place on and memorialized by correspondence dated September 16, 17 and 19, 2011.

| | |
|---|---|
| DATED: September 19, 2011 | Respectfully submitted,<br><br>ANDREA SHERIDAN ORDIN<br>County Counsel<br><br><br>By         /S/<br>      JOSEPH A. LANGTON<br>      Senior Deputy County Counsel<br><br>Attorneys for Defendants COUNTY OF LOS ANGELES (also erroneously served and sued as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT) |

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS [F.R.C.P. 12(b)(6)]

-3-

CV 10-9363 MMM (PJWx)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Joe Wallace alleges various causes of action in his Second Amended Complaint against Defendants, County of Los Angeles (also erroneously served and sued as The Los Angeles County Sheriff's Department (hereafter "Defendant"). Specifically, Plaintiff's First cause of action alleges federal civil rights violations pursuant to 42 U.S.C. 1983. Plaintiff's remaining causes of action are for various state law violations.[1]

Plaintiff filed his Second Amended Complaint on July 12, 2011—six years after the alleged conduct began in 2005. Additionally, plaintiff failed to file a California Tort Claim with the County, and cannot truthfully allege that such a claim was filed. Defendant County hereby moves to dismiss.

As discussed in detail below, Plaintiffs' Second Amended Complaint must be dismissed due to plaintiffs' failure to comply with the *California Tort Claims Act*. As a mandatory prerequisite to file suit against the County of Los Angeles and its employees, plaintiff was required to comply with the *California Tort Claims Act*. Plaintiff's failure to do so bars his state law causes of action.

Further, Plaintiff's Complaint is barred by the applicable statute of limitations. Plaintiff failed to file his Complaint within the two-year statute of limitations. As a result, plaintiff's action is barred as a matter of law.

Due to plaintiffs' failure to comply with the *California Tort Claims Act* and statute of limitations, plaintiff's Complaint is barred as a matter of law.

Accordingly, defendants ask that the Court grant the instant motion without leave to amend, and dismiss plaintiffs' Complaint with prejudice.

---

[1] Plaintiff alleges the following state based causes of action: 2.) Intentional Infliction of Emotional Distress; 3.) Negligent Supervision; 4.) Declaratory Judgment.

CV 10-9363 MMM (PJWx)

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS [F.R.C.P. 12(b)(6)]          -1-

# ARGUMENT

## I. A MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6) IS APPROPRIATE.

*Federal Rule of Civil Procedure* 12(b) provides, in pertinent part:

*Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:*

*(6)   failure to state a clam upon which relief can be granted.*

A Rule 12(b)(6) motion to dismiss for failure to state a claim can be used when plaintiff has included allegations in the Complaint that, on their face, disclose some absolute defense or bar to recovery: "If the pleadings establish facts compelling a decision one way that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F3d 778, 783, fn. 1; *Hensley Mfg. v. ProPride, Inc.* (6th Cir. 2009) 579 F3d 603, 613; *Hearn v. RJ Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp.2d 1096, 1102 (citing text)

As will be shown, Plaintiff has failed to state a claim upon which relief can be granted. As a result, plaintiff's Complaint should be dismissed with prejudice due to plaintiffs' failure to comply with the statute of limitations and requirements of the *California Tort Claims Act.*

## II. PLAINTIFFS' STATE LAW CAUSES OF ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO TIMELY FILE A COMPLAINT PURSUANT TO *GOVT. CODE* §945.6(A)(1)

Plaintiff failed to comply with the California Tort Claims Act ("CTCA") as it

relates to Defendant County. Under California Government Code § 945.4, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the Board. *Cal. Govt. Code § 945.4.*

A claim for personal injury or injury to personal property must be made within six months of the accrual of the cause of action. *Cal. Govt. Code § 911.2.* A late claim application must be made within one year after the accrual of the cause of action. *Cal. Govt. Code § 911.4.* In the absence of a timely claim, no action may be brought against a public entity. *See Govt. Code § 945.4; Fisher v. Pickens*, 225 Cal.App.3d 708 (1990); *Gehman v. San Mateo County Superior Court*, 96 Cal.App.3d 257 (1979).

Failure to file a timely claim according to the Code provisions necessarily results in the dismissal of an action against a public entity. *See Dalton v. East Bay Mun. Utility Dist.*, 18 Cal.App.4th 1566, 1571 (1993); *City of San Jose v. Superior Court*, 12 Cal.3d 447, 454 (1974).

Plaintiff is required to file a claim with the County as a prerequisite to his lawsuit against the County. *See* Cal. Govt Code § 915. In this case, Plaintiff did not allege, nor can he truthfully allege, that he filed a tort claim with the County. Thus, plaintiff's Complaint is barred by his failure to comply with the CTCA.

Further, where the action against the public entity is barred by the statute of limitations, so too is any action against a public employee for injury resulting from an act or omission in the scope of his or her employment. *Govt. Code § 950.2.*

Accordingly, plaintiff's Complaint should be dismissed without leave to amend as it is barred by the statute of limitations.

### III. PLAINTIFF'S CAUSES OF ACTION MUST BE DISMISSED

## BECAUSE PLAINTIFF FAILED TO FILE A COMPLAINT WITHIN THE TWO YEAR STATUTE OF LIMITATIONS

Plaintiff's Complaint is also time-barred. Statutes of limitations operate conclusively across the board, and not flexibly on a case-by-case basis. *Norgart v. The Upjohn Co.*, 21 Cal.4th 383, 395 (1999); *Castro v. Sacramento County Fire Protection Dist.*, 47 Cal.App.4th 927, 930, 933 (1996). They are "of necessity, adamant, rather than flexible in nature, and are upheld and enforced regardless of personal hardship." *Kupka v. Board of Admin.*, 122 Cal.App.3d 791, 794-795 (1981).

Federal courts apply the forum state's personal injury statute of limitations for *section 1983* claims. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 117 (2000). In California, the applicable statute of limitations is two years. *Cal Code of Civ. Proc.* § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (section 335.1's two-year statute of limitations applies to *section 1983* actions in federal district court in California), cert. denied, 544 U.S. 968 (2005). "Federal law governs when a claim accrues. A claim accrues when the plaintiff knows, or should know, of the injury, which is the basis of the cause of action." *Id.* (citation omitted) *see also Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir.), cert. denied, 128 S. Ct. 669 (2007).

In this case, the conduct alleged against Defendant County is as follows:

> 9. On or about April 2005, Plaintiff began a dating relationship with a woman, JANE ROE with whom he is no longer involved.
>
> 10. Unbeknownst to Plaintiff, his then girlfriend had previously been involved with an Air Unit officer with the Los Angles Police department ("LAPD")
>
> 11. Based on an improper desire of said officer to retaliate against Plaintiff for dating his former girlfriend, said officer conspired with the

*other defendants to initiate intensive helicopter surveillance of Plaintiff.*

*12. Since then, Plaintiff has been subject to repeat flybys of low-flying helicopters in Los Angeles and elsewhere that Plaintiff is informed and believes and thereon alleges are acting at the behest of law enforcement.*

(Complaint, p. 2 ¶ 9; 3 ¶¶ 10-12.)

Plaintiff's July 8, 2011 Complaint is well beyond the applicable two-year statute of limitations, and is time barred. Thus, Defendant should be dismissed with prejudice from this action.

## CONCLUSION

For the foregoing reasons, Defendants ask that the Court grant the instant Motion without leave to amend, and dismiss, with prejudice, plaintiff's Second Amended Complaint.

DATED: September 19, 2011

Respectfully submitted,

ANDREA SHERIDAN ORDIN
County Counsel

By     /S/
JOSEPH A. LANGTON
Senior Deputy County Counsel

Attorneys for Defendants COUNTY OF LOS ANGELES (also erroneously served and sued as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)