CHRISTINA A. DiEDOARDO
California Bar No. 258714
LAW OFFICES OF CHRISTINA DiEDOARDO
201 Spear Street Suite 1100
San Francisco, CA 94105
(415) 839-5098
Christina@diedoardolaw.com
Attorney for Plaintiff Joe Wallace

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE WALLACE<br>        Plaintiff,<br>vs.<br><br>CITY OF LOS ANGELES, a California Municipality, LOS ANGELES POLICE DEPARTMENT, a governmental entity of unknown type, LOS ANGELES COUNTY SHERIFFS'S DEPARTMENT, a governmental entity of unknown type and DOES 1-100, inclusive,<br><br>        Defendants. | Case No.: CV-10-9363-MMM<br><br>**NOTICE OF MOTION OF CHRISTINA A. DiEDOARDO to WITHDRAW AS COUNSEL FOR PLAINTIFF PURSUANT TO L.R. 83-2.9.2.1 and RPC 3-700(C)(1)(d); MOTION**<br><br>**Before:** The Hon. Margaret M. Morrow<br>United States District Judge<br>**Courtroom:** 780<br>255 E. Temple Los Angeles California<br><br>**Date of Hearing: December 5, 2011**<br>**Time of Hearing: 10 a.m.** |

**MOTION of CHRISTINA A. DiEDOARDO to WITHDRAW AS COUNSEL FOR PLAINTIFF PURSUANT TO L.R. 83-2.9.2.1 and RPC 3-700(C)(1)(d)**

**NOTICE OF MOTION**

TO:   ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that on **December 5, 2011 at 10 a.m.** or as soon thereafter as counsel may be heard, Ms. Christina A. DiEdoardo, Esq,, will bring this Motion to Withdraw as counsel for Plaintiff pursuant to L.R. 83-2.9.2.1 and RPC 3-700(C)(1)(d). Said Motion shall

-1-

consist of this Notice, the attached Memorandum of Points and Authorities, the Declaration of Christina A. DiEdoardo and the complete files and records of this action.

If you object to the relief requested, pursuant to L.R 7-9 you must file a written opposition with the Clerk of the Court and serve said opposition on all parties to this action not later than twenty-one (21) days before the December 5, 2011 hearing date.

Dated this 22nd day of September, 2011

/S/*Christina A. DiEdoardo*
Christina A. DiEdoardo
California Bar No. 258714

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PROCEDURAL HISTORY

This case was originally filed, *under seal*[1], on or about December 7, 2010 as a verified *qui tam* action pursuant to 31 U.S.C. §3729 and Cal. Govt. Code §12651 and §12652(c)(1) as well as for deprivation of civil rights under color of law pursuant to 42 U.S.C. §1983 and intentional infliction of emotional distress. (Dkt #1). Over the next three (3) months, counsel for Plaintiff and Plaintiff worked with the California Attorney General's office and the Office of the United States Attorney as they evaluated the *qui tam* claims. Ultimately, counsel was advised by the Office of the California Attorney General that it did not believe a viable *qui tam* claim existed and on March 15, 2011 Plaintiff filed his First Amended Complaint (Dkt. #9) which omitted the *qui tam* claims. On or about April 21, 2011, the Court lifted the statutory seal on the

---

[1] See 31 U.S.C. §3730(b)(2) and Cal. Govt. Code §12652(c)(2) as well as G.O. 02-14 and L.R. 79.

case (Dkt. #12). On May 10, 2011, counsel for Plaintiff filed a Renewed Motion[2] for Leave to Take Discovery Prior to the Fed. R. Civ.P.26(f) Conference (Dkt. #13) which was set for hearing in the ordinary course before the Hon. Patrick J. Walsh, United States Magistrate Judge on June 10, 2011 (Dkt.# 14). Judge Walsh directed Ms. DiEdoardo to amend the complaint to name the City of Los Angeles as a Defendant before he would entertain a motion for additional discovery as to the identity of the other defendants.

Ms. DiEdoardo complied with Judge Walsh's order by filing a Second Amended Complaint on July 8, 2011. (Dkt. 15). Because the Second Amended Complaint was e-filed via the Court's CM/ECF system rather than being submitted on paper, the Court issued a Notice of Deficiency (Dkt. 16) on July 11, 2011. On July 12, 2011, Ms. DiEdoardo filed the Second Amended Complaint on paper to comply with the Court's deficiency notice, which was accepted (Dkt. 18). On August 4, 2011, the clerk issued summonses for the Second Amended Complaint on the City of Los Angeles (and the LAPD, which was served through the City) as well as the Los Angeles County Sheriff's Department.

The City of Los Angeles was served on August 23, 2011 (Dkt. 19) and their answer was due on September 13, 2011. The Los Angeles County Sheriff's Department was served on August 24, 2011 and their answer was due on September 14, 2011 (Dkt. 20).

The City of Los Angeles filed a timely answer on September 12, 2011 (Dkt. 21). However, the Los Angeles County Sheriffs failed to file either an answer or a responsive motion by the September 14, 2011 deadline. On September 13, 2011, this Court issued a minute order setting a scheduling conference for November 14, 2011 (Dkt. 23).

---

[2] The Motion had previously been filed under seal when the case was considered a potential *qui tam* matter but was withdrawn by Plaintiff's counsel at the request of counsel for the Office of the Attorney General of California.

Five days *after* the deadline, the Los Angeles County Sheriffs Filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on September 19, 2011. (Dkt. 24) and set said Motion to be heard on November 28, 2011. On September 20, 2011, the Court, *sua sponte*, moved the hearing date on the L.A. County Sheriff's Motion to Dismiss to December 5, 2011.

This Motion to Withdraw followed.

## II.

## APPLICABLE LAW

California Rule of Professional Conduct 3-700(C)(1)(d) permits an attorney to request leave of Court to withdraw from an action when a client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively." For the reasons set forth in the accompanying affidavit of Christina A. DiEdoardo, Mr. Wallace has taken several actions which have rendered his continued effective representation by Ms. DiEdoardo impossible. In accordance with the provisions of RPC 3-700(C)(1)(d) and. L.R. 83-2.9.2.1, Ms. DiEdoardo respectfully requests leave of Court to withdraw as Mr. Wallace's attorney of record in this action.

## III.

## AFFIDAVIT OF CHRISTINA DiEDOARDO

1. I am Christina A. DiEdoardo, an attorney licensed to practice law before all of the Courts of the States of California and Nevada as well as before the Ninth Circuit Court of Appeals.

2. In the Fall of 2010, I spoke with Mr. Wallace regarding his desire to seek legal redress against a number of governmental entities, known and unknown, who were

responsible for conducting illegal surveillance and harassment of Mr. Wallace both within the County of Los Angeles and elsewhere.

3. I agreed to represent Mr. Wallace on a limited basis to address this issue. At the time we entered into our retainer agreement, the representation was limited to the preparation and filing and service of a complaint and the preparation, filing and service (and argument) of a motion for leave to take discovery prior to the Fed. R. Civ.P.26(f) Conference.

4. The purpose of this limited representation was to provide Mr. Wallace with the discovery he needed to evaluate who was controlling the helicopters which he contended, in his verified complaint, were monitoring him illegally.

5. Because I believed at the time the complaint was written that Mr. Wallace had viable state and federal *qui tam* claims, I concluded I had an obligation to him as well as to the Court to include those in the first complaint, which was filed under seal.

6. I worked with Mr. Wallace and counsel for the State of California and the U.S. Department of Justice to provide them with the information they requested to evaluate the *qui tam* claims.

7. In accordance with my contractual obligations to Mr. Wallace, I prepared, filed and scheduled to be heard a Motion for Leave to Take Discovery Prior to the Fed. R. Civ. P. 26(f) conference.

8. I withdrew said Motion at the request of counsel for the State of California.

9. After being advised by counsel for the State of California that he did not believe a viable *qui tam* claim existed, I filed the First Amended Complaint in this action and

renewed my Motion for Leave to Take Discovery Prior to the Fed. R. Civ. P. 26(f) conference.

10. Since Judge Walsh was unwilling to grant leave to take discovery without named defendants in the action, I filed the Second Amended Complaint to list the probable entities (i.e. the City of Los Angeles, the L.A.P.D. and the L.A. County Sheriff's Department) controlling the helicopters and sent said complaint out for service.

11. After service was accomplished by a private licensed California process server, the executed summonses and proofs of service were filed with the Court.

12. Throughout this case, I have attempted to keep Mr. Wallace informed of progress and case developments as they occurred. Unfortunately, I have apparently not been able to do so to his satisfaction, since over the last several months he has repeatedly called me multiple times in a day (as well as sending multiple e-mail messages, sometimes only seconds apart).

13. In late summer, Mr. Wallace—without first making an appointment with my office or checking to see if the date or time was convenient for my calendar—travelled to San Francisco in an attempt to see me.

14. I recognize that Mr. Wallace is frustrated with the slow pace of this litigation. However, as a solo practitioner with no support staff, I cannot effectively represent him or my other clients in two states if I responded to each and every one of his status update requests within the minute he made it.

15. Accordingly, in late August of 2011 I advised him that I would get the complaint served but that he should secure replacement counsel who was able to provide the

greater level of support he needed if he wanted the case to go forward. I also sent him a substitution of attorney form for this purpose.

16. Mr. Wallace did not return the substitution of attorney form to me and to the best of my knowledge and belief, has not retained replacement counsel. This Motion followed.

17. I accepted a total of $2,500 from Mr. Wallace on November 18, 2010  My ordinary hourly fee is $200/hour. I have incurred approximately 24.69 hours of work on his case since Fall 2010, resulting in a total of $4,938.00 in legal fees through the preparation of this Motion and a further $465 in costs (i.e. the filing fee and service of process costs). A balance of $2,903 (after exhausting Mr. Wallace's initial deposit of $2,500) remains due at this time.

18. I will be opposing the motion to dismiss filed by the Los Angeles County Sheriff's Office under separate cover to protect Mr. Wallace until this Motion to Withdraw can be heard. In addition, I will seek to have the status conference presently set for November 14, 2011 to be continued until after this Motion is decided or—if that is not possible---will appear on Mr. Wallace's behalf at the November 14, 2011 status conference.

19. I expressly waive any recovery, whether through attorney's lien or otherwise, to $2,903 due to me under my agreement with Mr. Wallace and confirm that I will not seek reimbursement of this sum from Mr. Wallace if withdrawal is granted..

20. Given that no trial date has been set in this case, I believe withdrawal can be effectuated without prejudice to Mr. Wallace or to the interests of justice.

21. I wish Mr. Wallace well in all of his endeavors and regret that I unfortunately lack the resources to respond to him as quickly as he would like.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 22nd day of September, 2011

/S/*Christina A. DiEdoardo*
Christina A. DiEdoardo

### III.
### CONCLUSION

For the reasons set forth above, I respectfully request that this Court:

1. GRANT my motion to withdraw as Mr. Wallace's counsel;

2. GRANT all such and other relief as it deems just and proper.

Dated this 22nd day of September, 2011

*/S/Christina A. DiEdoardo*
Christina A. DiEdoardo

### CERTIFICATE OF SERVICE

I am Christina A. DiEdoardo, an attorney licensed to practice law before all of the Courts of the States of California and Nevada as well as before the Ninth Circuit Court of Appeals. On September 22, 2011 I sent a true and complete copy of the foregoing NOTICE OF MOTION TO WITHDRAW AS COUNSEL, MOTION to the following parties and/or their attorneys of record via U.S. Mail:

Ms. Elizabeth T. Fitzgerald, Esq.,
Deputy City Attorney
Office of the City Attorney
City of Los Angeles
200 N. Main Street
6th Fl City Hall East
Los Angeles, CA 90012

Mr. Joseph A. Langton, Esq.,
Principal Deputy County Counsel
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles California 90012-2713


Mr. Joseph Wallace
CEO
Sciencewater Inc.
18653 Ventura Boulevard Suite 640
Tarzana, CA 91356

    I declare under penalty of perjury that the foregoing is true and correct.

    Dated this 22nd day of September 2011

                                        /S/*Christina A. DiEdoardo*