NO FEE DUE
GOV'T CODE § 6103

ANDREA SHERIDAN ORDIN, County Counsel
ROGER H. GRANBO, Assistant County Counsel
JOSEPH A. LANGTON, Principal Deputy County Counsel
(SBN 188761) • *jlangton@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-0812 · Fax: (213) 626-2105

Attorneys for Defendants
COUNTY OF LOS ANGELES (erroneously served and sued as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOE WALLACE<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES, a California Municipality, LOS ANGELES POLICE DEPARTMENT, a governmental entity of unknown type, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a governmental entity of unknown type and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO. CV 10-9363 MMM (PJWx)<br><br>**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION & MOTION TO DISMISS [F.R.C.P. 12(b)(6)] MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice]<br><br>DATE:   04/02/2012<br>TIME:   10:00 a.m.<br>COURT:  780 |

**TO PLAINTIFF JOE WALLACE *IN PROPRIA PERSONA*:**

Please take notice that on <u>April 2, 2012 at 10:00 a.m.</u>, or as soon thereafter as the matter may be heard in Courtroom 11 of the above-entitled court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants County Of Los Angeles (erroneously served and sued as The Los Angeles County Sheriff's Department) will move this Court pursuant to *Federal Rules of Civil Procedure,* Rule 12(b)(6) in favor of defendants and against plaintiff on the following grounds:

HOA.854661.2                                                                CV 10-9363 MMM (PJWx)

DEFENDANT COUNTY OF LOS                    -1-
ANGELES' MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]

1. A Complaint which fails to state sufficient facts alleged under a cognizable legal theory is subject to dismissal.

2. Plaintiff's Third Amended Complaint is unchanged from its Second Amended complaint and contrary to the Court's December 2, 2011 Order.

3. Plaintiff's Third Amended Complaint remains barred by his failure to comply with the California Tort Claims Act. [*Cal Govt. Code* §945.6]

4. Plaintiffs' Third Amended Complaint remains barred by the applicable statute of limitations. [*Cal Code of Civ. Proc.* § 335.1]

This Motion shall be based on this Notice of Motion and Motion, attached Memorandum of Points and Authorities, Request for Judicial Notice, Court file in this action and upon any other information that may be presented at the time of hearing.

This motion is made following the conference of counsel and Mr. Wallace pursuant to *Local Rule* 7.3, which took place on and memorialized by two telephone conversations and correspondence dated January 18, 2012.

DATED: January 20, 2012                Respectfully submitted,

ANDREA SHERIDAN ORDIN
County Counsel


By        /S/
JOSEPH A. LANGTON
Senior Deputy County Counsel

Attorneys for Defendants COUNTY OF LOS ANGELES (erroneously served and sued as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On December 2, 2011, the Court issued its Order Granting Defendants' September 19, 2011 Motion to Dismiss in Part. (Docket No. 34) Thereafter, Plaintiff Joe Wallace filed a Third Amended Complaint against Defendants, County of Los Angeles (also erroneously served and sued as The Los Angeles County Sheriff's Department. (hereafter "Defendant") on January 3, 2012. (Docket No. 36) Plaintiff's First cause of action alleges federal civil rights violations pursuant to 42 U.S.C. 1983. Plaintiff's remaining causes of action are for various state law violations.[1] against Defendant.

Plaintiff's Third Amended Complaint continues to maintain causes of action for intentional infliction of emotional distress and negligent supervision. However, these causes of action were previously dismissed by this Court. (Docket No. 34, *Id.*, p. 11:22-23)

Additionally, plaintiff continues to allege that the conduct subject of his Complaint began in April, 2005. (Complaint, p. 2, ¶ 9) However, the Court granted Defendants' Motion to Dismiss Plaintiff's first cause of action "to the extent it is based on conduct that occurred within two years of the filing of the complaint, i.e. conduct occurring on or after December 7, 2008. (Docket No. 34, *Id.* p. 11:24-26)

Plaintiff's Third Amended Complaint appears to be unchanged from his Second Amended Complaint (Docket No. 25) and does not comport with the Court's December 2, 2011 decision and Order.

Plaintiff filed his Third Amended Complaint on January 3, 2012—nearly seven years after the alleged conduct began in 2005. Plaintiff has not filed a

---

[1] Plaintiff alleges the following state based causes of action: 2.) Intentional Infliction of Emotional Distress; 3.) Negligent Supervision; 4.) Declaratory Judgment.

HOA.854661.2                                                              CV 10-9363 MMM (PJWx)

DEFENDANT COUNTY OF LOS                           -1-
ANGELES' MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]

1  California Tort Claim with the County and cannot allege that such a claim was filed.
2  Defendant County hereby again moves to dismiss.
3      Plaintiffs' Third Amended Complaint must be dismissed because the
4  Complaint lacks a cognizable legal theory that would inure liability to Defendants.
5      Again, plaintiff was required to comply with the *California Tort Claims Act*
6  as a mandatory prerequisite to file suit against the County of Los Angeles and its
7  employees. Plaintiff's failure to do so bars his state law causes of action.
8      Moreover, Plaintiff's Complaint is barred by the applicable statute of
9  limitations. Plaintiff failed to file his Complaint within the two-year statute of
10 limitations. As a result, plaintiff's action is barred as a matter of law.
11     Due to plaintiffs' failure to comply with the *California Tort Claims Act* and
12 statute of limitations, plaintiff's Third Amended Complaint is barred as a matter of
13 law.
14     Accordingly, Defendants ask that the Court grant the instant motion without
15 leave to amend, and dismiss plaintiffs' Third Amended Complaint with prejudice.
16
17                          **ARGUMENT**
18 I.    **A MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6) IS**
19     **APPROPRIATE.**
20     *Federal Rule of Civil Procedure* 12(b) provides, in pertinent part:
21     *Every defense to a claim for relief in any pleading must be asserted in*
22     *the responsive pleading if one is required. But a party may assert the*
23     *following defenses by motion:*
24     (6)    *failure to state a clam upon which relief can be granted.*
25
26     A Rule 12(b)(6) motion to dismiss for failure to state a claim can be used
27 when plaintiff has included allegations in the Complaint that, on their face, disclose
28 HOA.854661.2                                                                   CV 10-9363 MMM (PJWx)

DEFENDANT COUNTY OF LOS     -2-
ANGELES' MOTION TO DISMISS
[F.R.C.P. 12(b)(6)]

some absolute defense or bar to recovery: "If the pleadings establish facts compelling a decision one way that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts." *Weisbuch v. County of Los Angeles* (9th Cir. 1997) 119 F3d 778, 783, fn. 1; *Hensley Mfg. v. ProPride, Inc.* (6th Cir. 2009) 579 F3d 603, 613; *Hearn v. RJ Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp.2d 1096, 1102 (citing text)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The court must accept all factual allegations pleaded in the complaint as true, and construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996); *Mier v. Owens*, 57 F.3d 747, 750 (9th Cir. 1995).

The court need not, however, accept as true unreasonable inferences or legal conclusions cast in the form of factual allegations. *See Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 553–56 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do").

Thus, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (citations omitted)); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief," *citing Iqbal and Twombly*).

As this standard was explained by the Ninth Circuit in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011): "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

As will be shown, Plaintiff has failed to state a claim upon which relief can be granted. As a result, plaintiff's Third Amended Complaint should be dismissed with prejudice because the Complaint lacks a cognizable legal theory that would inure liability to Defendants. Moreover, plaintiff failed to comply with the statute of limitations and requirements of the *California Tort Claims Act*.

## II. PLAINTIFFS' STATE LAW CAUSES OF ACTION MUST BE DISMISSED BECAUSE PLAINTIFF FAILED TO TIMELY FILE A COMPLAINT PURSUANT TO *GOVT. CODE* §945.6(A)(1)

Plaintiff failed to comply with the California Tort Claims Act ("CTCA") as it relates to Defendant County. Under California Government Code § 945.4, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been

1  presented to the public entity and has been acted upon by the Board. *Cal. Govt.*
2  *Code* § 945.4.
3        A claim for personal injury or injury to personal property must be made
4  within six months of the accrual of the cause of action. *Cal. Govt. Code* § 911.2. A
5  late claim application must be made within one year after the accrual of the cause of
6  action. *Cal. Govt. Code* § 911.4. In the absence of a timely claim, no action may be
7  brought against a public entity. *See Govt. Code* § 945.4; *Fisher v. Pickens*, 225
8  Cal.App.3d 708 (1990); *Gehman v. San Mateo County Superior Court*, 96
9  Cal.App.3d 257 (1979).
10       Failure to file a timely claim according to the Code provisions necessarily
11 results in the dismissal of an action against a public entity. *See Dalton v. East Bay*
12 *Mun. Utility Dist.*, 18 Cal.App.4th 1566, 1571 (1993); *City of San Jose v. Superior*
13 *Court*, 12 Cal.3d 447, 454 (1974).
14       Plaintiff is required to file a claim with the County as a prerequisite to his
15 lawsuit against the County. *See* Cal. Govt Code § 915. In this case, Plaintiff did not
16 allege, nor can he truthfully allege, that he filed a tort claim with the County. Thus,
17 plaintiff's Complaint is barred by his failure to comply with the CTCA.
18       Further, where the action against the public entity is barred by the statute of
19 limitations, so too is any action against a public employee for injury resulting from
20 an act or omission in the scope of his or her employment. *Govt. Code* § 950.2.
21       Accordingly, plaintiff's Third Amended Complaint should be dismissed
22 without leave to amend as it is barred by the statute of limitations.
23
24 **III.  PLAINTIFF'S CAUSES OF ACTION MUST BE DISMISSED**
25     **BECAUSE PLAINTIFF FAILED TO FILE A COMPLAINT WITHIN**
26     **THE TWO YEAR STATUTE OF LIMITATIONS**
27       Plaintiff's Complaint is also time-barred. Statutes of limitations operate
28 HOA.854661.2                                                                  CV 10-9363 MMM (PJWx)

conclusively across the board, and not flexibly on a case-by-case basis. *Norgart v. The Upjohn Co.*, 21 Cal.4th 383, 395 (1999); *Castro v. Sacramento County Fire Protection Dist.*, 47 Cal.App.4th 927, 930, 933 (1996). They are "of necessity, adamant, rather than flexible in nature, and are upheld and enforced regardless of personal hardship." *Kupka v. Board of Admin.*, 122 Cal.App.3d 791, 794-795 (1981).

Federal courts apply the forum state's personal injury statute of limitations for *section 1983* claims. *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 117 (2000). In California, the applicable statute of limitations is two years. *Cal Code of Civ. Proc.* § 335.1; *see Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004) (section 335.1's two-year statute of limitations applies to *section 1983* actions in federal district court in California), cert. denied, 544 U.S. 968 (2005). "Federal law governs when a claim accrues. A claim accrues when the plaintiff knows, or should know, of the injury, which is the basis of the cause of action." *Id.* (citation omitted) *see also Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir.), cert. denied, 128 S. Ct. 669 (2007).

In this case, plaintiff continues to allege conduct against Defendant County as follows:

> 9. On or about April 2005, Plaintiff began a dating relationship with a woman, JANE ROE with whom he is no longer involved.
>
> 10. Unbeknownst to Plaintiff, his then girlfriend had previously been involved with an Air Unit officer with the Los Angles Police department ("LAPD")
>
> 11. Based on an improper desire of said officer to retaliate against Plaintiff for dating his former girlfriend, said officer conspired with the other defendants to initiate intensive helicopter surveillance of Plaintiff.

HOA.854661.2

DEFENDANT COUNTY OF LOS ANGELES' MOTION TO DISMISS [F.R.C.P. 12(b)(6)]

-6-

CV 10-9363 MMM (PJWx)

1 | *12. Since then, Plaintiff has been subject to repeat flybys of low-flying*
2 | *helicopters in Los Angeles and elsewhere that Plaintiff is informed and*
3 | *believes and thereon alleges are acting at the behest of law*
4 | *enforcement.*
5 | (Complaint, p. 2, ¶¶ 9-10; p. 3, ¶¶ 11-12.)

Plaintiff's January 3, 2012 Complaint remains well beyond the applicable two-year statute of limitations, and is time barred. Thus, Defendant should be dismissed with prejudice from this action.

## CONCLUSION

For the foregoing reasons, Defendants ask that the Court grant the instant Motion without leave to amend, and dismiss plaintiff's Third Amended Complaint with prejudice.

DATED: January 20, 2012          Respectfully submitted,

ANDREA SHERIDAN ORDIN
County Counsel


By          /S/
JOSEPH A. LANGTON
Senior Deputy County Counsel

Attorneys for Defendants COUNTY OF LOS ANGELES (erroneously served and sued as the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT)

**PROOF OF SERVICE**
Case No. CV 10-9363-MMM (PJWx)

STATE OF CALIFORNIA, County of Los Angeles:

Sandra C. Ruiz states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on January 20, 2012 I served the attached

**DEFENDANT COUNTY OF LOS ANGELES' NOTICE OF MOTION AND MOTION TO DISMISS [F.R.C.P. 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

upon Interested Party(ies) by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

Joe Wallace, In Pro Se
18765 Ventura Blvd., Suite 670
Tarzana, CA 91364

☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

I declare that I am employed in the offices of a member of this court at whose direction the service was made.

Executed on January 20, 2012, at Los Angeles, California.

_____Sandra C. Ruiz_____   _____[signature]_____
(NAME OF DECLARANT)        (SIGNATURE OF DECLARANT)

HOA.854717.1